MR. JUSTICE SHEA,
concurring in part and dissenting in part:
I join in the opinion insofar as we have now adopted meaningful standards for permitting a defendant to withdraw a guilty plea if the district judge does not abide by the plea bargain. Justice requires this. I do not, however, agree that the decision should have prospective application only, nor do I believe that the State should have the option of going along with the plea bargain or going to trial on the charges that were dismissed.
Due process requires that defendants be permitted to withdraw their pleas where they were not given the chance to withdraw their plea on the trial court refusing to go along with the plea bargain. Due process also requires that the right to withdraw that plea should not depend on the fortuitous circumstances of whether the plea was before or after our decision.
Nor do I agree that the State should have the option on remand of dictating to defendant whether he will go to trial again or whether he must content himself with the benefit of the plea bargain. It is not the defendant who caused the procedural situation lacking in due process, and it should not be the defendant who must await his fate at the hands of the prosecution. Rather, fairness requires that the choice *245 of obtaining the benefit of the plea bargain or going to trial on revived charges, should belong to the defendant.